DAVID H. SINGER & ASSOCIATES, LLP
By: David H. Singer
Attorney for Vincent George, Sr.
233 Broadway, Suite 810
New York, New York 10279
Tel: 212-233-8800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
UNITED STATES OF AMERICA

        V.                                                                                          12 CV 2669-RJS

ALL RIGHT, TITLE AND INTEREST IN THE REAL          CLAIMANT'S, VINCENT
PROPERTY AND APPURTENANCES LOCATED               GEORGE, SR., VERIFIED
AT 2445 EAST TEXAS BOULEVARD,                             ANSWER TO VERIFIED
ALLENTOWN,  PENNSYLVANIA, PIN                                 COMPLAINT
549623052997 1, WITH ALL IMPROVEMENTS,
ATTACHMENTS AND EASEMENTS
THEREON;

ALL RIGHT, TITLE, AND INTEREST IN THE REAL
PROPERTY AND APPURTENANCES LOCATED AT
614 ½ NORTH NEW STREET, ALLENTOWN,
PENNSYLVANIA, PIN 549782396620 1, WITH ALL
IMPROVEMENTS, ATTACHMENTS AND
EASEMENTS THEREON;

ALL RIGHT, TITLE AND INTEREST IN
THE REAL PROPERTY AND APPURTENANCES
LOCATED AT 2861 HURON STREET, ALLENTOWN,
PENNSYLVANIA, PIN 640504143479 1, WITH ALL
IMPROVEMENTS, ATTACHMENTS AND
EASEMENTS THEREON;

ONE 2006 INFINITI QX56 BEARING VEHICLE
IDENTIFICATION NUMBER 5N3AA08C56N808410;

ONE 2003 MERCEDES BENZ CL500 BEARING
VEHICLE IDENTIFICATION NUMBER
WDBPJ75J33A036414;

ONE 2007 MERCEDES BENZ SF5 BEARING
VEHICLE IDENTIFICATION NUMBER
WDDNG71X67A029924;

ANY AND ALL FUNDS ON DEPOSIT IN ACCOUNT
NUMBER 369388145, AT TD BANK, HELD IN THE
NAME OF VINCENT C. GEORGE, JR., DBA GRIP
ENTERTAINMENT;

ANY AND ALL FUNDS ON DEPOSIT IN ACCOUNT
NUMBER 9965266180, AT CITIBANK, HELD IN THE
NAME OF VINCENT C. GEORGE;

ANY AND ALL FUNDS ON DEPOSIT IN
CERTIFICATE OF DEPOSIT NUMBER 5990351928,
AT CITIBANK, HELD IN THE NAME OF VINCENT
C. GEORGE;

ANY AND ALL FUNDS ON DEPOSIT IN ACCOUNT
NUMBER 424056406, AT GENWORTH LIFE
INSURANCE COMPANY OF NEW YORK, HELD IN
THE NAME OF VINCENT GEORGE, SR.,

       Defendant-in-rem.
-----------------------------------------------------------------------x

  Claimant, VINCENT GEORGE, SR., by his attorneys DAVID H. SINGER & ASSOCIATES, LLP, for his Verified Claim and Answer to the Verified Complaint alleges as follows:

### I. JURISDICTION AND VENUE

  1. Claimant, Vincent George, Sr., neither admits nor denies the allegations contained in paragraph 1, since it relates to an interpretation of Statutes and Claims right, title and interest to the property enumerated in sub-paragraphs a, c, f, h, I and j.

  2. Claimant neither admits nor denies the jurisdictional allegations contained in paragraph 2, since it relates to an interpretation of Statutes.

  3. Neither admits nor denies the allegations contained in paragraph 3, since it relates to an interpretation of Statutes.

## II. PROBABLE CAUSE FOR FORFEITURE

A.  BACKGROUND

4.  Claimant, Vincent George, Sr., (George, Sr.) denies having operated a sex trafficking ring in New York City and elsewhere; denies transporting prostitutes from the vicinity of Allentown, Pennsylvania or Queens, New York; denies instructing anyone to solicit prostitution clients in tourist areas; lacks sufficient knowledge with respect to any allegations made about Vincent C. George Jr., lacks sufficient knowledge to form a belief with respect to the allegations that the prostituted women advertised their services to men on the street or in bars by handing out business cards that bear a women's name, a phone number, and a short, sexually suggestive statement; and denies each and every other allegation contained in paragraph 4.

5.  Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 5.

6.  Lacks sufficient knowledge to form a belief as to the truth or falsity with respect to each and every allegation made about Vincent George Jr., and denies each and every other allegation contained paragraph 6.

7.  Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 7.

8.  Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 7.

9.  Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 9 and affirmatively alleges that George Sr., operates a car service as a self employed individual and has reported his income on his income tax returns.

10. Admits that portion of paragraph 10, that George Sr., reports his income to the Internal Revenue Service on his tax returns for his chauffeur business, lacks sufficient knowledge to form a belief that any telephone conversations were intercepted and denies each and every other allegation contained therein.

11. Admits that portion of paragraph 11, that George Sr., has stated that he is self employed as a self employed chauffeur doing business as "Mr. Vee International Chauffer" and lacks sufficient knowledge to form a belief as to the truth or falsity of each and every other allegation contained therein.

12. Denies the allegation contained in paragraph 12, that George Sr., has a lack of legitimate sources of income, admits that George Sr., owns real property in Allentown, Pennsylvania on Huron Street and East Texas Street and lacks sufficient knowledge to form a belief as to the truth or falsity of each and every other allegation contained therein.

13. Admits that portion of paragraph 13, that on occasion George Sr., has used United States Postal Service money orders to make payments on his credit cards and for insurance.

14. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 14.

15. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 15.

16. Admits that portion of paragraph 16, that George Sr., has purchased money orders in denominations as required by his bills and denies each and every other allegation contained therein.

### **GRIP ENTERTAINMENT**

17. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 17.

18. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 18.

19. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 19.

20. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 20 therein.

21. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 21 therein.

B.   THE DEFENDANT PROPERTY

### The Real Property

22. Lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations made about George Jr., and denies each and every allegation made about George Sr., in paragraph 22.

23. Admits that portion of paragraph 23, that George Sr., claims on his Internal Revenue Tax Returns that he is self employed and doing business under the name of "Mr. Vee International Chauffer", in Allentown, Pennsylvania and lacks sufficient knowledge to form a belief as to each and every other allegation contained therein.

24. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 24.

25. Admits that portion of paragraph 25, that George Sr., owns both properties located on East Texas Boulevard and Huron Street in Allentown, Pennsylvania and at one time both properties were encumbered by mortgages from CitiMortgage and denies each and every other allegation contained therein.

26. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 26.

27. Please see answer to paragraph 22 above.

28. Please see answer to paragraph 23 above.

29. Please see answer to paragraph 24 above.

30. Admits that portion of paragraph 30 that George Sr., owns a 2007 Mercedes Benz SF5 bearing vehicle identification number WDDNG71X67A029924, and denies each and every other allegation contained therein.

31. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 31.

32. Denies each and every allegation contained in paragraph 32, with respect to George, Sr., and Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every other allegation contained in paragraph 32.

33. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 33.

34. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 34.

35. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 35.

36. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 36.

37. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 37.

38. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 38.

39.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 39.

40.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 40.

41.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 41.

42.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 42.

43.     See answer to paragraph 22 above.

44.     See answer to paragraph 23 above.

45.     See answer to paragraph 24 above.

46.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 46.

47.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 47.

48.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 48.

49.     Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 49.

50.     Admits that portion of paragraph 50 that George Sr., deposits checks into the Citibank Savings Account from an account maintained by him at Capital One, and denies each and every other allegation contained therein, including the alleged legal conclusion that checks in excess of $10,000.00, are subject to mandatory bank reporting.

51.     Denies each and every allegation contained in paragraph 51.

52.     Admits each and every allegation contained in paragraph 52.

53. Admits each and every allegation contained in paragraph 53.

54. Admits each and every allegation contained in paragraph 54.

### III.   FIRST CLAIM FOR FORFEITURE

55. Claimant repeats, reiterates and realleges each and every response to paragraphs 1 through 54 as if the same were fully set forth at length herein.

56. Neither admits nor denies the statement of law contained in paragraph 56.

57. Neither admits nor denies the statement of law contained in paragraph 57.

58. Denies each and every allegation contained in paragraph 58 with respect to Vincent George Sr., and lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 58 related to George, Jr.

59. Denies each and every allegation contained in paragraph 59 with respect to the property of Vincent George Sr., and lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 59 related to George, Jr..

### IV.   SECOND CLAIM FOR FORFEITURE

60. Claimant repeats, reiterates and realleges each and every response to paragraphs 1 through 58 as if the same were fully set forth at length herein.

61. Neither admits nor denies the Statement of Law contained in paragraph 61.

62. Neither admits nor denies the Statement of Law contained in paragraph 62.

64. Neither admits nor denies the Statement of Law contained in paragraph 64.

63. Neither admits nor denies the Statement of Law contained in paragraph 63.

65. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 65 therein.

66. Lacks sufficient knowledge to form a belief as to the truth or falsity of each and every allegation contained in paragraph 66 therein.

## **FIRST DEFENSE**

67.     The Complaint fails to state a cause of action.

## **SECOND DEFENSE**

68.     The Claimant is the innocent owner of the res seized and the acts or omissions alleged in the Complaint were committed without his knowledge.

## **THIRD DEFENSE**

69.     The Claimant is the innocent owner of the res seized as that term is defined under 18 U.S.C.983(d) in that he did not know of the conduct giving rise to forfeiture; or upon learning of the conduct giving rise to the forfeiture, he did all that reasonably could be expected under the circumstances to terminate such use of the property.

## **FOURTH DEFENSE**

70.     The arrest and investigation of the res seized violated Claimant's fourth amendment rights under the United States Constitution because the search and seizure was not based upon probable cause.

## **FIFTH DEFENSE**

71.     The forfeiture statute in this case and implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution, for the following reasons:

> (a)     The forfeiture statutes provide for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorizing by a judicial officer;
>
> (b)     The forfeiture statutes provide for the forfeiture of property from parties who are completely innocent of any criminal wrongdoing. These sections penalize ownership of the Defendant property regardless

of the existence or nonexistence of any criminal intent.

## SIXTH DEFENSE

72.     Forfeiture of the res seized would violate Claimant's eighth amendment rights under the United States Constitution.

## SEVENTH DEFENSE

73.     Forfeiture of the res seized would violate Claimant's rights under the 18 U.S.C.§983(g).

WHEREFORE, the Claimant demands a trial by jury.

Dated: New York, New York
       July 31, 2012

                                            _____S/B DHS_____
                                            David H. Singer (DS1924)
                                            Attorney for Vincent George Sr.
                                            233 Broadway, Suite 810
                                            New York, NY 10279
                                            (212) 233-8800

TO:

    U.S. Customs and Border Protection
    Office of Fines, Penalties & Forfeitures
    1100 Raymond Boulevard
    Newark, New Jersey 07102

## ATTORNEY VERIFICATION

DAVID H. SINGER, an attorney duly admitted to practice law before this Court, deposes and says:

I, have read the foregoing claim and know the contents thereof, and the same is true and correct to the best of my knowledge, information, and belief; the sources of my knowledge, information and belief is my conversations with the Claimant. The reason this Verification is being signed by me is that the Claimant is incarcerated in Queens County New York and my office is in New York County.

                                                                                            _____S/B DHS_____
                                                                                            DAVID H. SINGER.